**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| ALEXANDER RICE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENWORTH FINANCIAL INCORPORATED, THOMAS J. MCINERNEY, JAMES S. RIEPE, WILLIAM H. BOLINDER, G. KENT CONRAD, MELINA E. HIGGINS, DAVID M. MOFFETT, THOMAS E. MOLONEY, JAMES A. PARKE, DEBRA J. PERRY, and ROBERT P. RESTREPO JR.,<br><br>Defendants. | Consol. Case No. 3:17-cv-00059-REP |

**ORDER APPROVING THE NOTICE OF PENDENCY
AND PROPOSED SETTLEMENT OF CLASS ACTION**

The parties having made an application for an Order Approving the Notice of Pendency and Proposed Settlement of Class Action (the "Order") in accordance with a Stipulation of Class Action Settlement dated April 4, 2018 (the "Stipulation"), which, together with the exhibits thereto, sets forth the terms and conditions for settlement of this consolidated action; and the Court having read and considered the Stipulation and all accompanying papers;

**IT IS HEREBY ORDERED** that:

1. <u>Interpretation</u>. All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Stipulation.

2. <u>Approval of Notice</u>. The Court approves, in form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") annexed as Exhibit C to the Stipulation and finds that the mailing of the Notice will comport with the requirements of Fed. R.

Civ. P. 23 is the best notice practicable and shall constitute due and sufficient notice of the Settlement Hearing (as defined in paragraph 5 below) and all other matters referred to in the Notice to all persons entitled to receive notice of the Settlement Hearing.

3. <u>Notice Procedures</u>. Before sixty (60) days prior to the date of the Settlement Hearing, Defendant Genworth Financial, Inc. or its successor(s) in interest ("Genworth") shall cause a copy of the Notice, substantially in the form attached as Exhibit C to the Stipulation, to be mailed to all shareholders of record who owned common stock of Genworth at any time during the Class Period (as defined below) at their last known address appearing in the stock transfer records maintained by or on behalf of Genworth. All shareholders of record in the Settlement Class who were not also the beneficial owners of the shares of Genworth common stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares. Genworth shall use reasonable efforts to give notice to such beneficial owners by making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners. Genworth shall, no later than seven (7) days before the Settlement Hearing, cause an appropriate affidavit of proof of mailing with respect to the Notice to be filed with the Court.

4. <u>Conditional Certification of the Settlement Class</u>. Pursuant to Fed. R. Civ. P. 23, the Court conditionally certifies, for settlement purposes only, a non-opt-out class consisting of any and all record holders and beneficial owners of common stock of Genworth who held or owned such stock at any time during the period beginning on and including October 23, 2016, through and including the date of consummation of the Merger or, if the Merger is not consummated for any reason, March 7, 2017 (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors,

representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Settlement Class"); provided that the Settlement Class shall not include Defendants and their immediate family members, any entity in which any Defendant has a controlling interest, and any successors in interest thereto.

5. <u>Settlement Hearing</u>. A hearing shall be held on July 3, 2018 at 10:00 a.m. before the Honorable Robert E. Payne, Senior United States District Judge for the Eastern District of Virginia, in Courtroom 7400 of the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, Virginia 23219 (the "Settlement Hearing"), to determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be finally approved by the Court, and whether a Final Judgment substantially in the form attached as Exhibit D to the Stipulation should be entered.

6. <u>Stay of Proceedings</u>. Pending Final Approval, all proceedings in the Actions, except those related to the Settlement, are hereby stayed. Lead Plaintiffs and the Settlement Class Members shall not initiate, assert, commence, prosecute, assist, instigate, continue, or in any way participate in any other proceedings in any forum asserting any Released Claims against any Released Person, other than those that are incidental to the Settlement itself. The Parties shall cooperate to prevent, stay or seek dismissal of or oppose entry of any interim or final relief in favor of any Settlement Class Member in any other litigation against any of the Parties to this Stipulation which challenges the Settlement or otherwise involves a Released Claim. Pending Final Approval, Lead Plaintiffs and all members of the Settlement Class are barred and enjoined from instituting, prosecuting, participating in, continuing, maintaining or asserting any Released

Claims, or assisting any person or entity in instituting, prosecuting, participating in, continuing, maintaining or asserting any Released Claims, against any of the Released Persons, whether directly or indirectly, on their own behalf or on behalf of any class or other person, in any jurisdiction.

7.  <u>Appearance at Settlement Hearing and Objections to Settlement</u>. Any Settlement Class Member may appear and show cause why the Settlement should or should not be approved, or why the Final Judgment should or should not be entered; <u>provided</u>, <u>however</u>, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement or, if approved, the Final Judgment to be entered thereon, or Plaintiffs' Counsel's application for an award of attorneys' fees and expenses, unless that Settlement Class Member has, by June 12, 2018, (a) served on the following counsel, (i) a written notice of objection, including a written notice of his, her or its intention to appear, if he, she or it intends to do so, (ii) proof of his, her or its membership in the Settlement Class, (iii) a written statement of the position he, she or it will assert, (iv) the reason for his, her or its position, and (v) copies of any papers, briefs or other matter he, she or it wishes the Court to consider:

**Co-Lead Counsel for Plaintiffs:**

James M. Wilson, Jr., Esq.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Tel.: 212-983-9330
Fax: 212-983-9331
Email: jwilson@faruqilaw.com

Michael J. Palestina, Esq.
Kahn Swick & Foti, LLC
206 Covington Street
Madisonville, LA 70447
Tel.: 504-455-1400
Fax: 504-455-1498

|  |  |
|---|---|
|  | Email: Michael.Palestina@ksfcounsel.com |
| **Counsel for Genworth, Thomas J. McInerney, James S. Riepe, William H. Bolinder, G. Kent Conrad, Melina E. Higgins, David M. Moffett, Thomas E. Moloney, James A. Parke, Debra J. Perry, and Robert P. Restrepo Jr.:** | Greg A. Danilow, Esq.<br>Evert J. Christensen, Jr., Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Tel.: 212-310-8000<br>Fax: 212-310-8007<br>Email: greg.danilow@weil.com<br>Email: evert.christensen@weil.com |
|  | Edward J. Fuhr, Esq.<br>George P. Sibley III, Esq.<br>Johnathon E. Schronce, Esq.<br>Hunton & Williams LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219-4074<br>Tel.: 804-788-8200<br>Fax: 804-788-8218<br>Email: efuhr@hunton.com<br>Email: gsibley@hunton.com<br>Email: jschronce@hunton.com |

and (b) filed said objections, papers and briefs with the Clerk of the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, Virginia 23219, on or before the same date. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection (including any right of appeal) and shall forever be barred and foreclosed from making any objection, including any objection to the fairness or adequacy of the Settlement as incorporated in the Stipulation, unless otherwise ordered by the Court. Plaintiffs' Counsel and counsel for Defendants shall promptly furnish each other with copies of any and all objections or other responsive filings that come into their possession.

5

8. <u>Briefing</u>. On or before June 1, 2018, Plaintiffs' Counsel shall file with the Court a Motion for Final Approval of Class Action Settlement in support of the Court's final approval of the Settlement and their application for an award of attorneys' fees and expenses. The Parties shall file with the Court responses to any objections no later than June 22, 2018.

9. <u>Termination of Settlement</u>. If the Settlement does not become effective in accordance with the terms of the Stipulation for any reason, the Stipulation, any class certification and any actions taken or to be taken in connection therewith (including this Order and any Final Judgment) shall be vacated, terminated and shall become null and void and of no further force and effect in accordance with the Stipulation.

10. <u>No Admissions by the Parties</u>. The provisions contained in the Stipulation shall not be deemed or constitute a presumption, concession or an admission by Defendants of any fault, liability or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Actions, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person against any Defendant in the Actions or in any other action or proceeding, whether civil, criminal or administrative, for any purpose other than as provided for expressly herein. Nor shall the provisions contained in this Stipulation be deemed a presumption, concession, or admission by Lead Plaintiffs concerning the merits, or lack thereof, of any facts or claims alleged or asserted in the Actions, or any other actions or proceedings, or that any of the Supplemental Disclosures are not material.

11. <u>Further Notice</u>. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class. The Court may approve the Settlement, according to the terms and conditions of the Stipulation, as it may be modified by the parties thereto, without further notice to the Settlement Class. Further, the Court may render its Final Judgment dismissing the

Actions with prejudice and approving releases by Lead Plaintiffs and the Settlement Class of Released Claims against the Released Persons without further notice.

SO ORDERED, this the __ day of April, 2018.

_____
Robert E. Payne
Senior United States District Judge