

FILED
JUL - 5 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ALEXANDER RICE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GENWORTH FINANCIAL INCORPORATED, THOMAS J. MCINERNEY, JAMES S. RIEPE, WILLIAM H. BOLINDER, G. KENT CONRAD, MELINA E. HIGGINS, DAVID M. MOFFETT, THOMAS E. MOLONEY, JAMES A. PARKE, DEBRA J. PERRY, and ROBERT P. RESTREPO JR.,<br><br>Defendants. | Consol. Case No. 3:17-CV-00059 |

## FINAL ORDER AND JUDGMENT
## APPROVING SETTLEMENT AND DISMISSING ACTION

This matter is before the Court on a Motion for Final Approval of Class Action Settlement and Final Judgment.

Pursuant to Fed. R. Civ. P. 23, the Settlement of this consolidated class action, as embodied in the terms of the Stipulation of Settlement (the "Stipulation"), dated April 20, 2018, is hereby finally approved. The Stipulation is hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Stipulation.

Based upon the Stipulation and Lead Plaintiffs' Motion for Final Approval, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on July 3, 2018 at 10:00 A.M. to consider the Settlement, and the Settlement Class Members were

notified of the hearing by Court-approved, mailed notice. Counsel for Lead Plaintiffs and Defendants appeared and all parties desiring to be heard were given an opportunity to be heard. Following that hearing, the Court makes the following findings and conclusions.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the subject matter of the Actions and, for the purposes of Settlement of the Actions only, over all Parties to the Actions, including but not limited to, Lead Plaintiffs, all members of the Settlement Class (as defined below), and Defendants.

2. <u>Settlement Class</u>. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2), the Court finally certifies, for settlement purposes only, a non-opt-out class consisting of any and all record holders and beneficial owners of common stock of Genworth who held or owned such stock at any time during the period beginning on and including October 23, 2016, through and including March 7, 2017 (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, beneficiaries, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of, or claiming under, any of the foregoing (the "Settlement Class"); provided that the Settlement Class shall not include Defendants and their immediate family members, any entity in which any Defendant has a controlling interest, and any successors-in-interest thereto.

Pursuant to Fed. R. Civ. P. 23, the Court finally appoints Lead Plaintiffs as representatives of the Settlement Class.

3. <u>Class Counsel</u>. Class Counsel are Faruqi & Faruqi, LLP, Kahn Swick & Foti, LLC, and MeyerGoergen PC [ECF No. 77].

4.    <u>Class Requirements</u>. The Court specifically finds, for purposes of Settlement only, that each of the requirements of Rules 23(a) and (b) (2) have been satisfied, in that:

(a)    the members of the Settlement Class are so numerous that joinder of all members is impracticable;

(b)    there are questions of law or fact common to the class;

(c)    the claims or defenses of Lead Plaintiffs are typical of the claims or defenses of the class;

(d)    Lead Plaintiffs have fairly and adequately protected the interests of the class; and

(e)    Lead Plaintiffs claim that Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the class as a whole.

5.    <u>Notice</u>. Through a Court-approved Notice, the Parties notified all Settlement Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Settlement Hearing. The Court finds that the form and manner of the Notice was the best practicable under the circumstances and satisfied the requirements of Fed. R. Civ. P. 23 and due process. All Settlement Class Members are bound by this Order.

6.    <u>Approval of Settlement</u>. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable and adequate and in the best interests of the Settlement Class and should be finally approved. Accordingly, the Stipulation and the terms of the Settlement as described in the Stipulation, including the releases of all Released Claims and Defendants' Released Claims set forth in the Stipulation, are hereby approved in their entirety and

incorporated into this Order. The parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. Lead Plaintiffs, all Settlement Class Members, and Defendants are hereby bound by the terms of the Settlement as set forth in the Stipulation. The Actions are hereby dismissed as against all Defendants on the merits and with prejudice and without costs to any party as against any other party, except as otherwise agreed to in the Stipulation and as set forth herein.

7. Attorneys' Fees. Having considered Class Counsel's request for an award of attorneys' fees, cost, and expenses, the Court hereby orders that Genworth (or its successor(s), assign(s), and/or their insurer(s), and/or the insurer(s) of the other Defendants) shall pay, on behalf of all Defendants, the sum of $625,000.00 in attorneys' fees, costs and expenses to Class Counsel in accordance with, and subject to, the terms and conditions of the Stipulation.

8. Retained Jurisdiction. The Court retains jurisdiction, without affecting the finality of this Order, over the implementation and enforcement of the Settlement and this Order.

9. If the Settlement does not become effective in accordance with the terms of the Stipulation for any reason, the Stipulation, any class certification and any actions taken or to be taken in connection therewith (including this Order) shall be vacated, terminated and shall become null and void and of no further force and effect in accordance with the Stipulation.

10. There being no just reason for delay, the Court hereby directs that this Order be entered by the Clerk of the Court.

So ordered, this the 5th day of July, 2018.

/s/ REP
Robert E. Payne
Senior United States District Judge

4